IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMERLE RONNIE JOHNSON,     ) | | No. C 02-5309 JSW (PR) |
| Petitioner,     ) | | **ORDER REGARDING MOTION TO DISMISS** |
| vs.     ) | | |
| MIKE KNOWLES, Warden,     ) | | |
| Respondent.     ) | | |

    Petitioner Lamerle Ronnie Johnson filed a pro se petition for a writ of habeas corpus challenging the constitutionality of his state conviction under 28 U.S.C. § 2254. Following briefing by the parties, this Court granted Respondent's motion to dismiss the petition as untimely in an order dated July 23, 2003 (docket no. 11). Petitioner appealed the Court's ruling and the Ninth Circuit affirmed the Court's decision regarding equitable tolling, but reversed on the issue of statutory tolling and remanded to this Court for further proceedings. The Ninth Circuit determined that Respondent should obtain Petitioner's motion filed in San Mateo County Superior Court in 1998, so that this Court can determine whether it constitutes a collateral attack on his judgment of conviction so as to warrant statutory tolling under 28 U.S.C. § 2244(d)(2).

    As such, Respondent is ordered to obtain all documents related to Petitioner's motion in San Mateo Superior Court as well as a docket sheet or any available information from the trial court record regarding Petitioner's filing in the matter. Respondent is ordered to file and serve these documents within sixty days of the date of this order. At such time, Respondent may provide any supplemental briefing in support of the motion to dismiss (docket number 7). Petitioner shall have thirty days to file and

1  serve any supplemental opposition to the motion, and Respondent may file and serve a
2  reply with fifteen days of receipt of any opposition, at which time the motion will be
3  deemed submitted as to the issue of statutory tolling.
4      IT IS SO ORDERED.
5  DATED: April 13, 2006

_____
JEFFREY S. WHITE
United States District Judge

2