IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMERLE RONNIE JOHNSON, | ) | No. C 02-5309 JSW (PR) |
| Petitioner, | ) ) ) | **ORDER GRANTING MOTION TO DISMISS AS UNTIMELY** |
| vs. | ) ) | |
| MIKE KNOWLES, Warden, | ) ) | **(Docket no. 7)** |
| Respondent. | ) ) | |

        Petitioner Lamerle Ronnie Johnson, a state prisoner currently incarcerated at Mule Creek State Prison, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent filed a motion to dismiss the petition as untimely (docket no. 7), Petitioner filed objections (docket no. 8),  Respondent filed a reply (docket no. 9), and Petitioner filed objections to the reply (docket no. 10).  On July 23, 2003, this Court granted Respondent's motion to dismiss the petition as untimely (docket no. 11).

        Petitioner appealed this Court's order and on November 2, 2005, the Ninth Circuit affirmed the dismissal order on the issue of equitable tolling, but reversed this Court's order regarding statutory tolling and remanded the case for further proceedings (docket no. 23).  In the remand order, the Ninth Circuit noted that the validity of this Court's conclusion that Petitioner's state court filings did not constitute an "application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2) "turns on the actual wording and content of the motion."  Petitioner's case was remanded for this Court to determine whether Petitioner "may have set forth enough specificity about the nature of his prosecutorial misconduct and ineffective assistance of counsel claims to warrant construing the motion in substance as asserting habeas claims."

        After the order of the Ninth Circuit, Respondent obtained Petitioner' applications in the state courts and filed them in a Supplemental Briefing in Support of Motion to Dismiss

Petition for Writ of Habeas Corpus (docket no. 34). Petitioner filed several documents in opposition: Supplemental Briefing in Opposition of Motion to Dismiss (docket no. 35), Supplement to Supplemental Briefing (docket no. 35) and Amendment to Supplemental Briefing (docket no. 36).

This Court has reviewed the state court filings and the filings of Petitioner and Respondent. The first such application, Respondent's Exhibit A, is labeled "Motion: For District Attorney's Office and Court Clerk to respond to letters of inquiry. District Attorney's Office furnish records, defendant has paid for." The motion briefly describes that Petitioner is seeking records of a state court criminal proceeding in which he testified, but has been unable to obtain the transcripts from the district attorney's office, despite filing Freedom of Information Act requests and writing the office. While this application specifies that Petitioner is "researching and preparing" a state petition for a writ of habeas corpus, he does not describe the substance of the claims he intends to present, only that he is seeking certain transcripts of his own testimony in a state criminal trial.

In the motion papers, Petitioner identifies that he is seeking a transcript of his testimony in a criminal murder trial and the investigation surrounding his recanting that testimony during the trial, after being placed in a cell where he alleges he was threatened by another prisoner and by San Mateo County Sheriff's Deputies. Petitioner briefly describes his attempts to obtain these documents, but he does not in any way specify what claims he intends to bring for habeas relief.

Petitioner's second motion filed in Superior Court on October 14, 1998, Respondent's Exhibit C, labeled "De Novo Motion: To Order District Attorney's Office to Produce Documents" also sets forth Petitioner's attempts to obtain the court transcript from the trial in which he testified. While Petitioner's motion states that the records he sought "deal directly with issues he wants to raise in his habeas claims[,]" he does not identify the substance of those claims in the motion and the relief he requests is that he Court order the District Attorney's office to turn over records to him.

Petitioner's Writ of Mandate filed in the First Appellate District, Respondent's Exhibit E, labeled "After Denial of Motion to "Order District Attorney's Office to produce documents the Petitioner has paid for[]"requests the Court of Appeal to order the San Mateo County District Attorney's Office "to turn over the records, or order the Superior Court to decide the issue." Respondent's Exhibit E at 3. Petitioner's application does not describe Petitioner's intended habeas claims. This petition solely seeks access to government records.

The documents provided by Respondent confirm that Petitioner's state court applications were intended to compel the District Attorney to provide documents which Petitioner apparently believed would help him further develop post-conviction claims. The state applications did *not* ask the court to rule on the merit of any post-conviction claims or on the validity of his judgment of conviction. Moreover, it is clear from these filings that Petitioner was aware of the content of the documents he sought, in that they request his own testimony from the trial.

In his Supplemental Briefing, Petitioner concedes that the documents filed in the state courts do not constitute collateral challenges to the "conviction which could allow for tolling under § 2244(d)(1)(D)" and that he knew the basic factual predicates underlying his claims at the time he sought this supporting documentation in the state courts. However, Petitioner urges the Court to deny the motion to dismiss on equitable grounds, arguing that failing to resolve the claim on its merit would constitute a miscarriage of justice because Petitioner had not been adequately protected from the murder defendants he testified against and also suffered harm at the hands of personnel from the San Mateo County Sheriff's Department.

While the Court is sympathetic to the harm and threats Petitioner contends he suffered while acting as a government witness in a state murder trial, these circumstances do not render the petition timely. Moreover, compliance with the timeliness requirements of AEDPA are not discretionary and Petitioner has not established a legal basis for tolling

3

the statute of limitations regarding his claims.  The Court cannot disregard the law's mandates because of harm Petitioner suffered which underlie these claims.

The Ninth Circuit has remanded this matter for further proceedings for this Court to examine the state court documents to determine whether the time during which Petitioner's applications were pending is excluded as statutory tolling.  However, the documents provided by Respondent document that these applications do not constitute a "properly filed application for State post-conviction or collateral review" under § 2244(d)(2).  *See, e.g., Gaston v. Palmer*, 417 F.3d 1030, 1040 (9th Cir. 2005) (distinguishing between the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A), which is determined on a claim-by-claim basis, and the "properly filed" requirement of § 2244(d)(2), which is determined by looking at the application for state habeas relief as a single entity), *amended*, 447 F.3d 1165 (9th Cir. 2006); *Tillema v. Long*, 253 F.3d 494, 502 (9th Cir. 2001) (en banc) (emphasis added) (limitation period tolled for three-year period during which state prisoner's "Motion to Vacate Illegal Sentence" was pending before Nevada Supreme Court, even though claims in that motion were not subsequently raised in federal habeas corpus petition).  The Court's examination compels the conclusion that these applications are not eligible for statutory tolling under the statute.

Accordingly, after a review of the record and the filings of Petitioner and Respondent, this Court's earlier determination that the 1998 motions to the superior court and court of appeal were not collateral challenges that served to toll the statute of limitations must stand.  Respondent's motion to dismiss is GRANTED (docket no. 7) and the case DISMISSED.  The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: December 22, 2006

_____
JEFFREY S. WHITE
United States District Judge

4