IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMERLE RONNIE JOHNSON,<br>　　　　Petitioner,<br>　vs.<br>MIKE KNOWLES, Warden<br>　　　　Respondent. | No. C 02-5309 JSW (PR)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>**(Docket no. 40)** |

　　　　Petitioner Lamerle R. Johnson, a prisoner of the State of California, filed a *pro se* 28 U.S.C. § 2254 petition for a writ of habeas corpus. After this case was remanded from the Ninth Circuit for this Court to determine whether Petitioner's state court filings were sufficiently specific to constitute an "application for State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), Petitioner's petition was found untimely in an order dated December 22, 2006 (docket no. 38). Petitioner has now filed a notice of appeal and a motion requesting a certificate of appealability (docket no 40).

　　　　A judge shall grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484; *see*

*James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue. *See id.*

Petitioner has not established that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Accordingly, the request for a certificate of appealability is DENIED (docket no. 40). The Clerk of Court shall forward this order, along with the case file, to the United States Court of Appeals for the Ninth Circuit. *United States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir. 1997).

IT IS SO ORDERED.

DATED: 2/5/2007

JEFFREY S. WHITE
United States District Judge

2